## No. 12,168.

NEW ENGLAND MORTGAGE SECURITY COMPANY VS. MRS. S. J. METCALFE ET ALS.

THIRD OPPOSITION OF MISS S. B. METCALFE.

The third opponent claimed a mortgage prior in rank to the mortgage of plaintiff. She alleged that the appointment of her mother as her tutrix was an absolute nullity, no inventory having been made and recorded before the appointment, and that she (the ward) remained with her rights against the succession, and that her mother was an intermeddler and not a tutrix.

Before the appointment of the mother as tutrix, the uncle of the minor took an affidavit showing the amount due to the latter, and had it recorded.

It was as if an extract of the inventory had been recorded.   35 An. 912.

Article 321 of the Code can well be construed in this case with Art. 304 of the Code.

The court holds: That in no case where the facts are, as in this case, the right of the tutrix can be questioned collaterally.   36 An. 329.

A PPEAL from the Eighth Judicial District Court for the Parish of Concordia.    *Philip Hough, J. ad hoc.*

---

*Elam & Dale* and *Denégre, Blair & Denégre* for Plaintiff, Appellant.

---

*John S. Boatner* for Third Opponent, Appellee.

---

Argued and submitted January 18, 1897.
Opinion handed down February 1, 1897.

---

The opinion of the court was delivered by

BREAUX, J.    This was an action of the plaintiff company to fore-close a mortgage on the Ackland plantation situated in the parish of

Catahoula. The plantation was owned by Mrs. S. J. Metcalfe. Her two children, R. S. Metcalf and Sallie B. Metcalfe, signed the notes held by plaintiff as makers with the mother, and also signed the act of mortgage as mortgagors. They were not the owners of the prop-erty. Miss Sallie B. Metcalfe claimed that she had a mortgage upon the property, but that she did not know that she had a mortgage on the property at the time she signed the notes and executed a mortgage in favor of plaintiff. The mortgagors were all made defen-dants in the foreclosure proceedings.

Just prior to the sale under the mortgage to plaintiff, Miss Sallie B. Metcalfe enjoined the sheriff from paying the proceeds to the plaintiff company on the ground that her averred mortgage was prior in rank, and in addition, that she was not a debtor as claimed. Her mother, Mrs. S. J. Metcalfe, she alleged, received for her ac-count as a minor the amount she claimed in the petition; that she had not qualified as her tutrix, although she filed an account of what she calls her tutorship in which she acknowledged the amount of her indebtedness.

She alleged that she will oppose the account and seek to hold her mother responsible as an intermeddler. The mother and tutrix was not cited to answer the opposition and has not filed an appearance.

The defendant in the proceedings by third opposition filed an exception of no cause of action and pleaded an estoppel.

The judge of the lower court having recused himself by agreement of all concerned an order was granted transferring the case to be tried before the District Court for the parish of Concordia.

The exception was tried and taken under advisement by the court. The record does not disclose that it was decided.

Subsequently an answer was filed by the mortgage company expressly reserving all rights alleged by it in its exception and deny-ing all the averments of opponent.

Further, the plaintiff company alleging that Mrs. S. J. Metcalfe was the qualified tutrix of Miss Sallie B. Metcalfe pleaded the pre-scription of four years against opponent's right to set up any claim against her mother on account of her acts of tutorship, and, lastly, alleging that opponent is one of the mortgagors asked that her demand be rejected.

The exception to which we have before referred was, after trial, taken under advisement on the 6th January, 1895. A consent was entered on the minutes to a judgment thereon at chambers.

April subsequent, the court having failed to decide the questions propounded by the exceptors, the plaintiff company filed its answer.

A waiver of the exception, by the answer, was suggested by counsel for appellee in the oral argument at the bar and in his brief.

In view of the fact that the plaintiff in its answer to the third opposition expressly reserved all of its rights, as set forth in the exception, it is difficult to conclude that an exception not dilatory is waived by filing an answer.

The plaintiff answering, having waited a reasonable time for a decision on the exception, could not be held to have waived any of his rights, peremptory in character, by joining issue on the merits, with reservation expressly stated in the answer.

This brings us to the question of the validity *vel non* of the appointment of Mrs. Metcalfe tutrix of her daughter, Miss Sallie B. Metcalfe.

The facts regarding her appointment are, that on the 14th of February, 1878, it was ordered to issue to her, letters of tutorship of her daughter, a minor, on her taking the required oath. She took the oath as tutrix on the —— day of February, 1878. Doubtless due to an oversight, the blank space was not filled by inserting the day of the month. Letters of tutorship were issued on the 19th day of February, 1878; subsequent, we have every reason to find, to the day the oath was taken. The letters of tutorship cure the slight irregularity and supply the blank space with the date previously overlooked.

The third opponent, next in order of issues, insists that the appointment of Mrs. Metcalfe was null and void, for the reason that no inventory was made, and that there was, in consequence, no certificate possible based upon an inventory.

As a question of fact, it is true that no inventory was ever made.

The third opponent, however, applied for a continuance, alleging therefor her inability to procure in time for the trial a copy of an affidavit taken by her uncle, and duly recorded on 1st of March, 1876, and reinscribed in 1885, upon which she based her claim of a legal mortgage.

The defendant, in the third opposition, admitted that the affidavit had been made and recorded as alleged, but did not admit the facts as set forth in the affidavit.

In 1879, the tutrix made an affidavit, which was duly recorded,

acknowledging an indebtedness to her minor daughter of forty-four hundred dollars.

As relates to jurisdiction, it must be conceded that the court had authority to make the appointment.

It is well settled when a court has jurisdiction of a case its decrees are conclusive in collateral proceedings. In other words, although the proceedings may have been defective or irregular, such defects can be taken advantage of by appeal, or by action of nullity, otherwise a judgment of a competent court might be overthrown in collateral proceeding upon the ground that the court erred in passing upon the facts.

But the third opponent assumes that the question is jurisdictional. In support of her position she invoked the article of the Civil Code prohibiting the judge from appointing a tutor, before a certificate based upon an inventory has been recorded. The express language of the article reads: " Any appointment or confirmation of such tutor before such recording shall be null and void."

We greatly appreciate the importance of complying strictly with every requisite for the protection of the rights of minors. The inventory, it is true, is a guarantee established by law in the interest particularly of minors and others who are not *sui juris*. It is a matter of public order, good morals even, the object being to prevent the diverting of property from those by whom it is legitimately owned.

But the question before us for determination is not *res nova*. This court has passed upon a similar issue and decided that there may be formalities followed, equal in effect to an inventory and to the tutor's affidavit of record, based upon an inventory.

In the well considered case of Broussard vs Segura, 33 An. 912-915, this court said: " It may be that the father and tutor should have caused an inventory of his son's estate to be taken—that for not so doing he is censurable; but it does not follow that on account of such dereliction his minor son should suffer when the law afforded other adequate remedy which was resorted to."

The effect was given to the affidavit of the tutor and its record in the mortgage office, without an inventory—that is, given to a recorded affidavit based upon an inventory. The court in the cited case expressly holds that the tutor was the agent and that in the absence of any written evidence of mortgage he was authorized to make oath

and have it recorded and thus secure the mortgage. Here the maternal uncle acting for the minor, having knowledge of the indebtedness, made the affidavit, and from that date it secured a minor's mortgage. We reiterate the language of that decision to which we adhere in the case here. In the case of Stackhouse vs. Zuntz, 35 An. 529-533, no abstract had been recorded and no affidavit had been made by any one, and yet the court decided that the order appointing the tutor was not void and could not be collaterally attacked, and thereby effect was given to the two articles of the Code, *in pari materiæ,* viz.: Art. 321 and Art. 364, Civil Code, the latter of which articles among the causes for removal includes the failure of a natural tutor to have an inventory made and abstract recorded in due time; thus clearly denoting that the appointment was not null and void, for in the latter case it would have been idle and futile to have made provision for removal of a tutor absolutely without authority and never appointed. Mrs. Metcalfe, the tutrix, is not a party to the suit. In proceedings not contradictorily with her it would be difficult to conclude that she is not a tutrix in this case. In our view she was a tutrix under a valid appointment; at any rate it must be so held in these proceedings.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the third opposition of Miss Sallie B. Metcalfe be dismissed and the sheriff is ordered to pay the proceeds of the sale in question to plaintiff.

Appellee to pay costs of third opposition in lower court and of appeal in this court.