HALL v. HILLYER–EDWARDS–FULLER, Inc.[*]

No. 5403.

Court of Appeal of Louisiana. Second Circuit.

Jan. 5, 1937.

*Rehearing denied Feb. 5, 1937.

Cline, Thompson & Lawes, of Lake Charles, for appellant.

Julius T. Long, of Shreveport, for appellee.

HAMITER, Judge.

Plaintiff seeks compensation in this cause under the Louisiana Workmen's Compensation Law (Act No. 20 of 1914, as amended). His petition alleges that he was injured and rendered permanently and totally disabled, on or about April 2, 1936, while discharging the duties of his employment with defendant.

In article 6 of the petition, it is specifically alleged that:

"* * * Although petitioner has from time to time sought to get the defendant to pay him the amounts due him under the Workman's Compensation Act of Louisiana (Act. No. 20 of 1914) for his injuries and disabilities, the said defendant has told petitioner it would pay nothing and has refused to pay him anything."

Defendant appeared specially and excepted to the petition on the ground that it was prematurely filed. In its plea of prematurity, we find:

"That appearer denies that petitioner ever made any demand or sought to get defendant to pay him any amount under the Workmen's Compensation Law of Louisiana for any injuries he claims to have received for any disability resulting therefrom and denies that it has told plaintiff it would pay nothing or that it has refused to pay him anything; it denies it has had occasion to refuse to pay plaintiff anything because no demand or request has ever been made upon it for the payment of any compensation to plaintiff whatever. It avers that it knew nothing of any claim for compensation that plaintiff was making against it until the copy of the petition in the cause was served upon it."

Thereafter, "reserving all of its rights under the plea of prematurity heretofore

filed, and appearing now only in the event of the overruling of said plea of prematurity," defendant answered. It generally denied all of the allegations of the petition. In answering the aforequoted article 6 of the petition, it again specifically pleaded prematurity and asserted that its plea of prematurity should be passed upon in advance of the hearing of the case on the merits.

Upon motion of counsel for defendant, trial of the case, both on the plea of prematurity and on its merits, was fixed for October 27, 1936.

On this last-mentioned date, plaintiff's counsel filed an amended and supplemental petition in which it was alleged that:

"That since plaintiff filed his original petition herein he has made repeated amicable requests and demands upon the defendant and the attorneys for the defendant in this cause for payment of any and all amounts due plaintiff or payment of any amounts of weekly compensation which the said defendant admits it owes plaintiff for the injuries sued upon herein; that despite said demands the said defendant fails and refuses to pay plaintiff anything. He avers that more than ten days ago he informed defendant that he would file this amended petition."

Defendant objected to the allowance of this supplemental petition, and the objection was sustained by the trial court.

Before any consideration was given the case on its merits, trial of the plea of prematurity was held. Testimony affecting the plea was adduced and the matter submitted for decision. There was judgment rendered and signed sustaining the plea of prematurity and dismissing plaintiff's suit. A devolutive appeal to this court was requested by and granted to plaintiff.

Defendant's plea of prematurity is grounded on the provisions of paragraph (B) of subdivision 1 of section 18 of Act No. 85 of 1926, this act being an amendment and a re-enactment of Act No. 20 of 1914. The referred to paragraph begins:

"Unless in the verified complaint above referred to it is alleged (where the complaint is filed by the employee or his dependents) that the employee or the dependent is not being or has not been paid, and that the employer has refused to pay, the maximum per centum of wages to which petitioner is entitled under the provisions of this act, the presentation or filing of such complaint shall be premature and shall be dismissed."

This quoted provision has no direct effect on plaintiff's suit, for he has alleged, as we have above observed, that "the said defendant has told petitioner it would pay nothing and has refused to pay him anything."

The last part of said paragraph, however, provides that:

"When such allegation is contained in such complaint and is denied by the employer at the time fixed for the hearing thereunder by the Court, if it be shown that such allegations are without reasonable cause or reasonable foundation in fact, said complaint shall be dismissed; and the question of whether or not such allegation of non-payment is justified under the facts shall be determined by the Court before proceeding with the hearing of the other issues involved."

The question of whether or not defendant refused to pay plaintiff was squarely placed at issue both by the plea of prematurity and by the answer, which were directed at the allegations of the original petition, and that issue was in existence and was before the court for determination on the date selected and fixed for the hearing of the case. Before proceeding to a trial of the merits, and in a separate and exclusive hearing of the plea of prematurity, the district court heard the testimony of four witnesses regarding the employer's alleged refusal to pay the compensation herein sought. These witnesses were defendant's general manager, who was in active charge of the company's operations, its cashier and office manager, its yard foreman, under whom plaintiff worked and who kept his time, and the company's doctor. Their uncontradicted and undisputed testimony is in substance and to the effect that plaintiff, prior to the filing of this suit, did not complain to them of having been injured while in defendant's employ, that they had no knowledge of his alleged injury, and that he made no demand on them for compensation. Necessarily, therefore, it must be said that plaintiff's allegation that defendant refused to pay had no foundation in fact. Certainly, defendant cannot be held to have refused to pay compensation to plaintiff, when the evidence clearly and affirmatively shows that it had no knowledge of the injury, and had no opportunity

to refuse. Because of this, and by reason of the applicable statutory provisions, plaintiff's suit was properly dismissed as having been prematurely brought.

In reaching the conclusion just announced, we are not unmindful of the recognized principle of law that a liberal construction is to be given to the provisions of the Workmen's Compensation Act. This principle is inapplicable, however, when the provision to be construed and applied is free of ambiguity and permits of no construction other than that afforded by its plain and unmistakable language. The portion of the statute relied on by defendant in support of its plea of prematurity falls within this latter classification.

The first circuit of this court, in the case of Chafin v. Meridian Lumber Co., 12 La.App. 73, 125 So. 483, had under consideration a controversy involving the identical provision of the Workmen's Compensation Act. Plaintiff's petition therein alleged in substance that defendant failed and refused to pay compensation. A plea of prematurity was filed by defendant. In holding that the suit was prematurely brought, the court said:

"On the trial of the case, plaintiff expressly admitted that he made no demand for compensation, and it follows, therefore, that defendant did not have the opportunity to refuse payment. *. * *

"This same question was presented to us in the case of Moss v. Levin et al., 10 La.App. 149, 119 So. 558, 120 So. 258, and we there held that such allegation and proof are made a necessary condition precedent, before the court may pass on the merits of the demand.

"Such defense may appear exceedingly technical, and the purpose of the provision in the statute is not very apparent, but the language in which it is couched is plain and unambiguous. This court is of inferior jurisdiction, and we have not the power to ignore or alter the plain provisions of a statute under the plea of giving it construction.

"Believing then that plaintiff has failed to present his complaint, in the manner and form prescribed by paragraph (B) of [subdivision 1 of] section 18 of Act No. 85 of 1926, p. 121, we feel in duty bound to dismiss the same without prejudice."

Plaintiff's counsel argues and contends that defendant's answer, in which it denied liability and that plaintiff was injured while employed, constituted a waiver of the question of nonpayment of and refusal to pay compensation. We think this contention without merit. In the first place, defendant's rights under its plea of prematurity were fully protected and expressly reserved in its answer. Murray et al. v. Succession of Spencer et al., 46 La.Ann. 452, 15 So. 25; New England Mortgage Security Co. v. Metcalfe et al., 49 La.Ann. 347, 349, 21 So. 549. Secondly, according to the wording and language of the statute, it was unnecessary that the issue be created through and by reason of an exception. It could have been presented under defendant's denial of article 6 of plaintiff's petition, and the affirmative plea of prematurity, set forth in the answer thereof. The statute reads, "When such allegation is contained in such complaint and is denied by the employer at the time fixed for the hearing thereunder by the Court. Such issue, thus created and presented, must then be decided by the court before considering the other issues provided by those pleadings.

It is also contended that the amended and supplemental petition should have been allowed, so as to permit plaintiff to show that he had repeatedly demanded compensation from defendant since the filing of the original petition, and that defendant failed and refused to pay. In our opinion, this pleading was properly disallowed. The pertinent provisions of the statute, as we view them, contemplate and refer to a refusal on the part of the employer of a date prior to the filing of plaintiff's initial petition. A construction different from this would render such provisions ineffective and meaningless. If a plaintiff were permitted to supplement his original verified complaint and show a demand and refusal subsequent to the filing of the suit, the arising or calling in question of the matter of prematurity provided for in paragraph (B), subd. 1, § 18, Workmen's Compensation Act, would be improbable if not impossible. A supplemental petition for the purpose of enlarging or clarifying the allegations of plaintiff's original complaint pertaining to a demand and refusal antedating the commencement of the suit would have been allowable. But such is not the case here.

Complaint is made by plaintiff's counsel of the trial court's ruling in excluding certain testimony on objections made by defense counsel. We have taken notice of such rulings and find them to be correct. Trial of the case was had only on

the plea of prematurity, and the sole issue before the court pertained to plaintiff's alleged demand on defendant for payment and its refusal. The testimony objected to related to other issues. It was properly excluded as being irrelevant and immaterial.

■ By virtue of the above discussed statutory provisions, and for the foregoing reasons, it is our opinion that the plea of prematurity was properly sustained by the trial court. Plaintiff's suit, however, should be dismissed without prejudice.

The judgment is affirmed.