HOOD, Judge.
This is a workmen’s compensation suit in which plaintiff alleges that he is totally and permanently disabled as the result of a back injury which he sustained during the course of his employment by Joe’s Tin Shop in Ville Platte, Louisiana. Although originally instituted against two defendants, the suit was subsequently dismissed as to one of them, and the sole defendant now is Argonaut-Southwest Insurance Company, the compensation insurer of the employer.
The defendant failed to answer within the 10-day period allowed by LSA-R.S. 23:1315, and a preliminary judgment was rendered in favor of plaintiff. Immediately after that judgment was rendered, the defendant filed a number of pleadings, including an answer and an exception of prematurity. After trial on the exception, judgment was rendered by the trial court maintaining the exception of prematurity, dismissing plaintiff’s suit and recalling, rescinding and vacating the preliminary judgment theretofore rendered in this case. Plaintiff has appealed.
The record shows that plaintiff sustained a back injury as the result of a work-connected accident which occurred on August 21, 1963. The defendant received no notice of this accident and had no knowledge of it until October 29, 1963, on which date plaintiff’s employer filled out and mailed to defendant a report of the accident. On the following day, October 30, plaintiff’s counsel wrote to defendant formally demanding that compensation payments be made. Defendant replied by letter dated November 8, advising counsel that that was the first notice defendant had had of the alleged accident, that the company was having its claim representative, Mr. Irvan Andignac, “check this out and he will be in touch with you shortly.” On November 13, Mr. An-dignac wrote to plaintiff’s counsel advising that he was investigating the claim, that he had made an appointment for plaintiff to be examined by an orthopedist in Lafayette on December 2, 1963, and that he “will be in touch with you further.” Mr. Andignac wrote to plaintiff’s counsel again on November 20, 1963, advising that the investigation would be completed within less than 60 days after the company had been notified of the accident, and that if the company feels after this investigation that the claim is compensable “we will start our payments bringing your claim up to date.” Counsel for plaintiff received this letter on either November 21 or 22, but the suit nevertheless was instituted on November 21, 1963, which was 23 days after defendant first learned of the accident and injury.
After the suit had been filed, defendant’s claim representative determined that plaintiff had been discharged by his treating physician on October 24, 1963, as being fully recovered and able to return to work. At the same time he also learned that on October 29, or five days after plaintiff had been discharged from treatment, he was involved in an automobile accident and that he claimed to have sustained additional injuries in that accident. After receiving this information, the claim representative wrote to plaintiff’s counsel on November 26, advising that the company “must at this time respectfully decline liability for your client’s present injury." This letter, as we have already pointed out, was written after the suit had been filed. Plaintiff contends that in this letter the claim representative specifically denied liability for compensation for the injury which plaintiff sustained on August 21, 1963, while defendant maintains that the claim representative was merely denying liability for the injuries allegedly sustained by plaintiff as a result of the automobile accident which occurred on October 29, for which injuries defendant had provided no insurance coverage.
*290 Defendant contends that plaintiff’s action is premature and should he dismissed pursuant to the provisions of LSA-R.S. 23:1314, because defendant has not “refused to pay” the maximum percent of wages to which plaintiff is entitled. It contends that the employer, or his insurer, is entitled to a reasonable period of time after receiving notice of the alleged injury within which to make an investigation and to commence the payment of compensation benefits, and that a suit instituted before a reasonable period of time for that purpose has elapsed is premature. In this instance defendant argues that the suit was instituted before it had been allowed a reasonable time within which to investigate. Plaintiff, on the other hand, contends that defendant’s failure to pay compensation benefits within the 23-day period which elapsed between the time defendant received notice of the accident and the time the suit was filed was sufficient to justify an inference that it had “refused to pay” the compensation due.
LSA-R.S. 23:1314 provides that a workmen’s compensation suit shall be premature and shall be dismissed if the plaintiff fails to allege, among other things, that the employer has “refused to pay” the maximum percent of wages to which the petitioner is entitled. Even though allegations to that effect are made by the plaintiff, the suit may still be held to be premature and dismissed if those allegations are denied by the defendant and it is shown at a hearing that such allegations “are without reasonable cause or foundation in fact.”
It is settled that where there has been an implied refusal to pay compensation benefits, then it is not necessary that there be an express refusal to do so in order to constitute a “refusal to pay” within the meaning of LSA-R.S. 23:1314. Boss v. Marquette Casualty Company, La.App. 3 Cir., 150 So.2d 67 (Cert. denied).
It also is settled that in determining whether a compensation suit is premature the employer, or his compensation insurer, is allowed a reasonable time after receiving notice or actual knowledge of the accident and injury within which to investigate the matter and to begin compensation payments. Bertrand v. Patterson Truck Line, La.App. 3 Cir., 138 So.2d 663 (Cert. denied); Dawson v. Barber Bros. Contracting Co., La.App. 1 Cir., 195 So. 46; Pea v. Hardware Mutual Casualty Company, La.App. 2 Cir., 147 So.2d 472; Fontenot v. Cox, La.App. 1 Cir., 68 So.2d 656 (Cert. denied); Glover v. Schuylkill Products Company, La.App. 1 Cir., 138 So.2d 15 (Cert. denied); Marshall v. Aetna Insurance Company, La.App. 2 Cir., 154 So.2d 263. See also Malone, Louisiana Workmen’s Compensation, Section 383, page 490. The question of what is a “reasonable time” within which to complete such an investigation and to commence the payment of compensation benefits must be determined from the peculiar facts of each case. Pea v. Hardware Mutual Casualty Company, supra.
In this case there was no express refusal to pay before the suit was filed, and in our opinion the evidence does not justify a conclusion that there was an implied refusal. At the time defendant first learned of the accident and injury, just 23 days before the suit was filed, it had received no medical reports from plaintiff and it had received no demand for compensation benefits. It nevertheless proceeded promptly to investigate the claim, it arranged to have plaintiff examined by an orthopedist, and it advised plaintiff’s attorney several times during the short interval of time which intervened between the first notice of the accident and the filing of the suit that the matter was being investigated and that the investigation would be completed within a relatively short period of time. In spite of this, the suit was filed while the investigation was being made, before defendant was furnished with any medical reports, and before it had had an opportunity to have plaintiff examined by a physician. Under the facts presented here we feel, as did the trial judge, that a delay of 23 days after *291 first learning of the accident was not an unreasonable delay.
Plaintiff argues, however, that even though there was no refusal to pay before the suit was instituted, the defendant denied liability after the suit was filed and thus it has waived the defense of prematurity. He bases his argument that defendant refused to pay after the suit was filed on the fact (1) that in its answer defendant denied liability for compensation “for lack of sufficient information to justify a belief therein and investigative file,” and (2) that in the letter written by defendant’s claim representative on November 26, 1963, the defendant declined liability for plaintiff’s “present injury.”
In our opinion the question of whether a compensation suit is or is not premature must be determined according to the facts and circumstances which existed at the time the suit was filed. In Hall v. Hillyer-Edwards-Fuller, La.App. 2 Cir., 171 So. 487 (affirmed at 187 La. 959, 175 So. 633), the court said:
“It is also contended that the amended and supplemental petition should have been allowed, so as to permit plaintiff to show that he had repeatedly demanded compensation from defendant since the filing of the original petition, and that defendant failed and refused to pay. In our opinion, this pleading was properly disallowed. The pertinent provisions of the statute, as zve view them, contemplate and refer to a refusal on the part of the employer of a date prior to the filing of plaintiff’s initial petition. A construction different from this would render such provisions ineffective and meaningless. If a plaintiff were permitted to supplement his original verified complaint and show a demand and refusal subsequent to the filing of the suit, the arising or calling in question of the matter of prematurity provided for in paragraph (B), subd. 1, § 18, Workmen’s Compensation Act, would be improbable if not impossible. * * * ” (171 So. 490, Emphasis added).
And in State ex rel. Merz v. Judge of Third District Court, 31 La.Ann. 120, although not involving a workmen’s compensation suit, the court appropriately observed :
“ * * * So we hold that the question of prematurity must be tested by the facts existing at the date the suit is brought, and that the penalty is dismissal of the suit if found premature. * * *” (31 La.Ann. 122).
Since the evidence shows that prior to the time the instant suit was filed there had been no express or implied refusal by defendant to pay compensation to plaintiff, it is immaterial whether the defendant, by correspondence or by formal pleadings, thereafter denied liability for compensation benefits. In our opinion, therefore, plaintiff’s allegations to the effect that defendant has refused to pay are without reasonable cause or foundation in fact. We accordingly conclude that the exception of prematurity was properly maintained by the trial court.
Although, in view of the conclusion which we have just reached, it is unnecessary for us to consider the letter written by defendant’s claim representative to plaintiff’s counsel on November 26, 1963, we nevertheless think it is appropriate to note that in this letter the claim representative obviously was denying liability only for the injuries which plaintiff allegedly sustained in the automobile accident which occurred on October 29, 1963. We think it is clear that defendant by that letter did not refuse to pay compensation benefits to plaintiff for the injuries which form the basis of this suit.
The remaining question presented is whether the trial judge erred in recalling, rescinding and vacating the preliminary judgment which was rendered in this case. Plaintiff argues that the trial judge erred in “not permitting the preliminary judg *292 ment to stand until the case was decided on the merits,” while the defendant contends that the preliminary judgment must fall when the suit is dismissed as being premature.
It is settled that a preliminary judgment rendered in a workmen’s compensation suit under the provisions of LSA-R.S. 23:1316 is not a final judgment but is interlocutory in nature. Naquin v. Coal Operators Casualty Company, La.App. 3 Cir., 157 So.2d 276; Hill v. Southern Advance Bag & Paper Co., La.App. 2 Cir., 151 So. 241. The purpose of such a judgment is not to decide the case on its merits, but it is simply a procedure provided by the compensation act which may be employed fey an injured workman to enable him to obtain the speedy relief to which he may be entitled. No proof, except the fact of the delay, is required for the rendition of such a judgment.
We have determined that plaintiff’s suit was premature and for that reason that it was properly dismissed by the trial judge. In view of the fact that plaintiff, under these circumstances, is not entitled to maintain this action at all, it logically follows that he is not entitled to a preliminary judgment which is a procedural device intended merely to enable him to obtain a speedy trial on the merits. For that reason we think the trial judge was correct in recalling, rescinding and vacating the preliminary judgment heretofore rendered in this suit.
Plaintiff argues that even though his suit for weekly compensation payments may be premature, he is entitled to maintain an action for the penalties and attorney’s fees which he claims. We cannot agree with this argument. In Glover v. Schuylkill Products Company, supra, the First Circuit Court of Appeal appropriately said, “That plaintiff may ultimately be decreed entitled to penalties is insufficient reason to compel trial on the merits at this juncture.”
For the reasons herein set out, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
Affirmed.