HALL, Judge.
Plaintiff appeals from the judgment of the trial court sustaining defendant insurer’s exception of prematurity filed in response to plaintiff’s petition for workers’ compensation benefits. We amend the judgment to cast the defendant insurer for costs in the trial court and otherwise affirm.
Plaintiff suffered an on-the-job injury to his back on March 10,1981 and immediately reported his injury to his employer. Defendant, Commercial Union Insurance Company, first received notice of plaintiff’s claim on April 6,1981 and, on the following day, its adjuster wrote to plaintiff requesting additional information regarding his claim. The investigation was completed on May 11,1981 with the adjuster recommending payment of workers’ compensation benefits. The first benefit check, covering the period from March 10 through May 12, was issued on May 15 and was mailed to plain *119 tiff on May 18. The second benefit check was issued May 19 and mailed May 20. However, due to a clerical error, both checks were mailed to the wrong post office box and were returned to the defendant’s office where the address was corrected and the checks sent to the proper post office box.
Plaintiff filed this suit on May 20. He received his first two benefit checks on May 25 and a third on May 28. Defendant filed an exception of prematurity alleging that plaintiff was receiving compensation benefits and had received benefits for the entire period of his disability. The trial court sustained the exception and dismissed plaintiff’s suit, finding that payment of benefits had begun before suit was filed although plaintiff did not receive the checks until after the filing of suit because of an unintentional error.
LSA-R.S. 23:1314[1] provides that an injured employee may avoid the employer’s exception of prematurity if he alleges in petition and is able to prove that, at the time suit is filed, compensation benefits are not being or have not been paid and that the employer has refused to pay the benefits to which the employee is entitled. If the employer denies the allegations the employee must show that the allegations have reasonable cause or foundation in fact or his suit is subject to dismissal. The court must determine whether the plaintiff’s allegations are “justified under the facts.” LSA-R.S. 23:1314.
The court in Patton v. Silvey Companies, 395 So.2d 722 (La. 1981) held that a court confronted with an employer’s exception of prematurity must determine not only whether the plaintiff is receiving compensation when the suit is filed but also whether the employer has unreasonably refused or failed to pay benefits.
In Jack v. Fidelity & Casualty Company of New York, 306 So.2d 806 (La. App. 3d Cir. 1975), the court stated:
“In determining whether a compensation suit is premature, inquiry must be made as to whether the employer or his insurer has been given reasonable time after receiving notice or actual knowledge of the accident and injury to investigate the matter and to commence payment of benefits. The question of what is a ‘reasonable’ time in which to complete the investigation and begin the payment of benefits must be determined from the peculiar facts of each case. Vidrine v. Argonaut—Southwest Insurance Company, 166 So.2d 287 (La. App. 3 Ci. 1964).”
In this case, the defendant insurer promptly began investigation of plaintiff’s claim upon receipt of notice of the accident and injury. Some time was required to investigate the claim because the initial information furnished defendant indicated that plaintiff’s injury resulted from a fight on the job. The investigation was completed in about one month and compensation checks were issued shortly thereafter. Whether this was a reasonable time for the investigation and processing of plaintiff’s claim is a question of fact which the trial court decided in favor of the defendant insurer. The trial court’s determination was not clearly wrong.
*120 The trial court dismissed plaintiffs suit at his costs. Because of the peculiar facts of this case, we deem it more equitable to cast the defendant insurer for costs incurred in the trial court. Accordingly, pursuant to the authority granted this court by LSA-C.C.P. Art. 2164, the judgment of the trial court will be amended to assess the defendant insurer with the costs of the trial court.
For the reasons assigned, the judgment of the trial court sustaining defendant’s exception of prematurity is amended to cast defendant, Commercial Union Insurance Company, with costs incurred in the trial court and is otherwise affirmed. Costs of the appeal are assessed to plaintiff, John Edward Williams.
Amended and, as amended, affirmed.

. LSA-R.S. 23:1314:
“Unless in the verified petition above referred to it is alleged (where the petition is filed by the employee or his dependents) that the employee or the dependents is not being or has not been paid, and that the employer has refused to pay, the maximum percent of wages to which petitioner is entitled under the provisions of this Chapter, or that the employee has not been furnished the proper medical attention, or that the employee has not been furnished with copies of the reports of examination or examinations made by employer’s medical practitioners after written request therefor has been made under the provisions of this Chapter, the presentation or filing of such petition shall be premature and shall be dismissed; when such allegations are contained in such petition and are denied by the employer at the time fixed thereunder by the court, if it be shown that such allegations are without reasonable cause or foundation in fact, such petition shall be dismissed; and the question of whether or not such allegations of nonpayment or of failure to render medical attention or failure to furnish medical reports is justified under the facts shall be determined by the court before proceeding with the hearing of the other issues involved.” (Emphasis added)