AYRES, Judge.
Plaintiff seeks by this action to recover of his former employer and its insurer workmen’s compensation as the result of accidental injuries sustained August 12, 1958, while performing the duties of his employment and handling munitions at the Louisiana Ordnance Plant, operated by the defendant, Remington Rand, Inc. The defense presented is one of prematurity of plaintiff’s action first urged in a formal plea and reiterated in an answer to plaintiff’s demands.
From a judgment overruling the plea of prematurity and after trial on the merits, awarding plaintiff compensation at the maximum statutory rate as for total and permanent disability, subject to a credit of compensation for the period of August 12 to September 12, 1958, paid in the form of wages in lieu of compensation, defendant has appealed. The sole issue presented for determination is the prematurity vel non of plaintiff’s action.
Defendants urge that plaintiff has failed to allege or to establish by proof that he has been refused compensation. The appropriate provisions of the statute, LSA-R.S. *159 23:1314, provide that unless a claimant alleges he is not being paid or has not been paid, and the employer has refused to pay the maximum compensation to which he is entitled, the presentation or filing of his petition shall be premature and shall be dismissed; that even though the petition contains such allegations, but denied by the employer, the petition shall likewise be dismissed when the proofs shows they are without cause or foundation in fact. The allegation in plaintiff’s petition complies with the requirements of the statute. He alleged that he has not been paid any workmen’s compensation at this time and that he has made amicable demand upon defendants, all without avail.
The proof relied upon for substantiation of these contentions is contained in an agreed stipulation of facts. From this stipulation it is ascertained that plaintiff was continued in the employ of Remington Rand, Inc., following his injury, at full wages but on lighter work, until he was discharged September 12, 1958. The work performed was not commensurate with the wages paid. At the time of his discharge plaintiff inquired of his employer as to the payment of compensation for the injuries sustained by him, and in response to such inquiry was informed that his employment was terminated, that he would have to take the matter of his claim for injury and workmen’s compensation to its insurance carrier, the Travelers Insurance Company, and that it was up to that insurer whether he would be paid compensation or obtain a settlement of his injuries. Although he was furnished the name and address of the insured’s adjuster in Shreveport, Louisiana, he never contacted him nor was any demand made upon the employer, other than the conversation heretofore referred to. No formal demand, either oral or written, was made for the payment of compensation before filing suit on September 20, 1958, service of which was made on the Travelers Insurance Company September 23, 1958, and on Remington Rand, Inc., September 25, 1958.
On September 26, 1958, the insurer issued and mailed its draft for $35 to plaintiff at Athens, Louisiana, to cover compensation for the period of September 22 to September 29, 1958. The draft was returned by the Post Office Department with the notation: “Addressee unknown,” whereupon the draft was forwarded to plaintiff’s attorneys on or about September 30, 1958, and was received by them the following day. This was the first knowledge on the part of plaintiff and his attorneys that the insurer intended to pay plaintiff compensation. The draft was refused and returned.
Defendants contend that as of the time this action was filed, no compensation was due and, moreover, that the aforesaid draft made plaintiff’s compensation current. In order to reach this conclusion it is contended that no payment was due for the first week following plaintiff’s discharge until and unless his disability continued for six weeks or more. This contention is predicated upon the provision of the statute, LSA-R.S. 23:1224, that no compensation shall be paid for the first week following injury, unless the disability therefrom continues for six weeks or longer. As heretofore stated, plaintiff was paid wages in lieu of compensation from the date of injury to September 12, 1958. At the time suit was instituted no compensation had been paid to cover the week following September 12, 1958, or to September 22, 1958. That no compensation is due for this period is untenable. The provisions of the statute relied upon and referred to hereinabove concern only the first week after the injury was received. There is no provision dispensing with the payment of compensation during any other period of disability, other than the first week following the date of the injury, nor permitting the shifting of the nonpayment of compensation from the first week following the injury to a subsequent week because wages in lieu of compensation had been paid for the first week. Therefore, it could only be concluded plaintiff had not been paid compensation and was not *160 being paid compensation when the suit was filed September 20, 1958.
In referring to an opinion of the Court of Appeal, First Circuit, the Supreme Court made this observation in D’Antoni v. Employers’ Liability Assurance Corporation, Ltd., 1948, 213 La. 67, 34 So.2d 378, 381:
“The opinion reflects the belief of the Court that, in order for an employee to prevent dismissal of his suit on the ground of prematurity, he must show that he has made formal demand on his employer for compensation and that the latter has formally refused. But the statute does not require a demand, formal or otherwise, by the employee and there is nothing contained in our decision in Hall v. Hillyer-Edwards-Fuller, Inc., 187 La. 959, 175 So. 633 (cited and relied upon by the Court of Appeal), which justifies a contrary view. Albeit, the act merely prescribes that the employee allege that he is not being paid compensation and that the employer has refused to pay. And, in Thornton v. E. I. DuPont de Nemours & Co., supra (207 La. 239, 21 So.2d 46), the court held that an allegation that the employee was not being paid compensation substantially complied with the provisions of the section, even though it was not specifically charged that the employer had refused to pay.”
Therefore, the conclusion is inescapable inasmuch as “an allegation that the employee was not being paid compensation substantially complied with the provisions of the section, even though it was not specifically charged that the employer had refused to pay.”, that if it is not necessary to allege a formal or specific refusal on the part of the employer to pay, it is unnecessary that formal proof be offered to establish the affirmative of such dispensable and unessential allegation. Moreover, the plaintiff was told when discharged, on making inquiry as to the payment of compensation “ * * * that his employment was terminated and that he would have to take the matter of his claim for injury or workmen’s compensation to the Travelers Insurance Company * * * that it would be up to the insurance company as to whether they made a settlement or paid him compensation or whatever disposition the insurance company decided to make of this matter.”
From the inquiry made and the response given, it could be concluded that plaintiff was seeking an assurance of the payment of his compensation from his employer, from whom he had a legal right to expect payment. From the response given, the conclusion is equally inescapable plaintiff was definitely informed that the employer did not intend to pay compensation or to settle for plaintiff’s disability. This request of the employer followed by its failure to pay compensation constitutes a refusal of payment on its part. It was the employer’s primary obligation, and there was no requirement or compulsion on plaintiff’s part that he resort to, consult with, or demand payments of the insurer.
We find no error in the judgment overruling the plea of prematurity, and inasmuch as that plea presented the only issue for determination on the appeal, the judgment appealed is, therefore, affirmed at appellant’s cost, and it is so ordered.
Affirmed.
HARDY, J., absent.