GLADNEY, Judge.
Plaintiff was involved in an accident on October 28, 1958, while employed as a loader of pulpwood and was paid workmen’s compensation. Dissatisfied with the weekly rate of $26 being paid him, he instituted this suit on March 26, 1959, for compensation at the maximum weekly rate of $35, and for penalties and attorney’s fees, as provided in LSA-R.S. 23:1201.2. The trial court rendered judgment fixing the weekly compensation at $31.20, predicated ,on a six-day work week for a period not to exceed four hundred weeks, and in addition allowed statutory penalties and attorney’s fees in an amount less than sought by plaintiff. From this decree plaintiff and defendants appealed.
Liability and total and permanent disability are not contested but the defendants contend the trial judge erred in computing the rate of weekly compensation on the basis of a six-day week, instead of the five-day week. Further, it is argued, penalties and attorney’s fees should not have been assessed, it being alleged: plaintiff refused to be examined by a doctor upon defendants’ request; plaintiff failed to properly keep them posted as to his mailing address; and that predicated on the reports of Dr. L. E. LTIerrison and Dr. Daniel M. Kingsley defendants were justified in assuming plaintiff was no longer disabled.
The plaintiff has appealed for an increase in the rate of compensation and an increase in the allowance of attorney’s fees. Accordingly, plaintiff assigns error to the judgment of the trial court in awarding plaintiff $31.20 rather than $35 per week compensation and in fixing his attorney’s fees at $500 in lieu of $2,500, as demanded in the petition.
Fred Moore, a sixty-three year old Negro laborer employed by Robert Pullig and B. H. Davis in the loading of pulpwood, received a back injury while engaged in carrying out the duties of his employment. He was promptly treated by Dr. L. E. L’Herrison of Coushatta, Louisiana, and *829 thereafter referred to Dr. Ford J. Mac-pherson, an orthopedist in Shreveport. These doctors, as a result of their examinations, advised Allied Group Service, Inc., the workmen’s compensation insurer, that Moore had sustained a herniated disc. Compensation payments were commenced on a weekly basis of $26 per week, calculated at $8 per day for a five-day work week, and continued until June 9, 1959, at which time the payments were discontinued.
During February, 1959, plaintiff employed counsel who demanded compensation payments be made, predicated on $9 daily pay and on a six-day work week, which would increase the employee’s weekly compensation check to $35. As pointed out above, the defendants confine their defense to arguing they acted with probable cause in determining the weekly compensation payment as $26 per week and in discontinuing payments after June 9, 1959.
Several reasons are advanced for the action so taken. The first is that the employee refused to accompany the defendant B. H. Davis for the purpose of submitting to a medical examination. Moore testified he only told Davis his attorney should be consulted. The contention is without merit for in all probability had Davis merely contacted plaintiff’s attorney, as is customary in such instances, permission would have been secured. It is also urged that plaintiff was not cooperative in informing defendants as to his proper address. The record fails to substantiate this charge. The third issue raised is equally without merit for it is assertedly based on medical reports of Dr. L’Herrison and a later report by Dr. Kingsley as of November 12, 1959. Forasmuch as defendants conceded liability at the time this case was tried on November 24, 1959, there appears to be no reasonable basis for stopping plaintiff’s compensation on June 9, 1959, at which time the uncontroverted medical evidence indicated plaintiff to be totally and permanently disabled.
Defendants also urge plaintiff’s weekly compensation rate was correctly computed at the daily rate of pay of $8 and a work week of five days, which entitled him to weekly compensation of $26. After the decision of the Supreme Court in Carrington v. Consolidated Underwriters, 1956, 230 La. 939, 89 So.2d 399, 404, this question can no longer be considered as debatable in workmen’s compensation suits. The Supreme Court there said explicitly:
“After determining an employee’s daily wage, the six day week is to be employed in calculating his weekly wage. If he is injured, he is deprived of this ability to work six days per week, and remuneration is awarded him for this deprivation. This test must be applied regardless of the number of days he works for the particular employer, by whom he is employed at the time of his injury.”
Application of the foregoing rule has been repeatedly adhered to by the appellate courts of this state. We cannot, therefore, regard the argument for a five-day work week as constituting a reasonable basis for not paying the employee the proper amount of weekly compensation.
We find, therefore, plaintiff is entitled to have penalties assessed against defendants in accordance with the provisions of LSA-R.S. 23:1201.2, which statute provides that failure to pay an employer’s liability for the workmen’s compensation claim within sixty days after receipt of notice of the claim, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the employer to a penalty, in addition to the amount of claim due, of 12% of the total amount of such claim, together with all reasonable attorney’s fees. The act provides that if a partial payment or tender has been made, the penalties imposed shall be 12% of the difference between the amount paid or tendered and the amount found to be due, and for all reasonable attorney’s fees. *830 Finally, counsel for plaintiff argues the trial judge erred in fixing the daily rate of compensation at $8 instead of $9 per day, asserting that when an employee has not worked at a particular job for a sufficient length of time to have a representative pay period for use in computing his compensation rate, it is proper to turn to evidence of what others have earned doing similar work, and in this manner arrive at the correct amount of weekly compensation. A number of witnesses were summoned to testify as to earnings over a thirty day period, and from this testimony counsel concludes Moore should be paid workmen’s compensation calculated at a daily rate of pay of $9. In computing the compensation checks delivered to the employee, defendants employed as the rate of pay $1 per hour for an eight-hour day, and then used a five-day work week, arriving at a weekly earning of $40.
In Sepulvado v. Argonaut Underwriters Insurance Co., et al., La.App.1959, 111 So. 2d 178, 179, this court made the observation:
“In order to arrive at a basis of the employee’s daily rate of pay when some difficulty is experienced in ascertaining the employee’s daily wage, usually a conclusion is arrived at by a division of the total earnings over some representative period by the number of days worked; but where the period worked is too short to afford a fair basis for computing earnings, in order to reach an equitable result, it may be necessary to use the representative daily wage paid a wage earner doing the same work. Louisiana Workmen’s Compensation Law and Practice, Malone, p. 443, notes 69 and 70 with reference to case authorities.
“An employee paid on a per unit basis not infrequently encounters differences in his daily earnings. This can result from many factors which affect the amount of his output or production. Thus, in the case of an employee, such as plaintiff in this case, who worked in the woods assisted by a helper, and who used a power saw, his daily wage depended on the number of hours he worked, the condition of the timber, his or his helper’s skill in the use of a power tool, the ability to employ his available time, the number of hours per day he worked, the condition of his health, or other circumstances.”
The Truck and Tiered Wood-Scale tickets (so denominated) which are a part of the record, reflect the total number of cords of pulpwood loaded by plaintiff during a period of two weeks of continuous employment during the month of October, 1958. It is not disputed plaintiff was employed to load pulpwood for $1 per cord, and two employees were used in loading the truck which then hauls the wood to the loading station where it is unloaded through mechanical devices. The scale tickets disclose plaintiff’s daily earnings for a full day’s work averaged somewhat less than $8 per day. Since his work was regular and for more than a two-week work period, we find this evidence is sufficient to show the potential earning capacity and is the best evidence for determining his average weekly wage. We conclude, therefore, that the complaint of plaintiff as to the defendants’ use of an $8 daily rate of pay in computing the compensation weekly wage is not made out. This finding accords with that of the judge a quo, who properly awarded compensation at the weekly rate of $31.20.
The final complaint of counsel for plaintiff concerns the increase of attorney’s fees to $2,500. We are not in agreement with counsel’s contention. The statute merely allows plaintiff to recover 12% of the difference between the amoimt paid and reasonable attorney’s fees for the prosecution and collection of such amount. We think that the allowance by the district judge of $500 for the professional fees in collecting the penalty is reasonable and should not be increased.
*831 The judgment from which appealed will, ' therefore, be affirmed with some modification in the award of penalties, and for this reason the judgment will be recast.
It is, therefore, Ordered, Adjudged and Decreed that there be judgment herein in favor of the plaintiff, Fred Moore, and against the defendants Robert Pullig, B. H. Davis and Allied Group Service, Inc., awarding the plaintiff, Fred Moore, workmen’s compensation benefits as for total and permanent disability, and condemning the said defendants, in solido, to pay to plaintiff the sum of Thirty-One and 20/100 ($31.20) Dollars per week for each weekly period from October 28, 1958, during his period of disability, not to exceed a total of four hundred (400) weeks, together with five (5%) per cent per annum interest on each past due weekly installment from its due date until paid. The defendants to be given credit for twenty-nine (29) weeks of compensation heretofore paid at the rate of Twenty-Six (26) Dollars per week.
It is further Ordered, Adjudged and Decreed that the defendants herein be, and they are hereby condemned in solido, to pay as statutory penalties, twelve (12%) per cent of the difference between the amount of compensation paid and the amount awarded herein, with attorney’s fees of Five Hundred and No/100 ($500) Dollars for services rendered for the prosecution and collection of such amount.
It is further Ordered, Adjudged and Decreed that the expert witness fees of Dr. J. A. Thomas be fixed at the sum of Fifty ($50) Dollars, and as fixed, taxed as a part of the cost herein. Defendants are to pay all costs of this suit, including cost of the appeal.