138 So.2d 15 (1962)
Ernest GLOVER
v.
SCHUYLKILL PRODUCTS COMPANY, Inc.
No. 5455.
Court of Appeal of Louisiana, First Circuit.
January 29, 1962.
Rehearing Denied March 7, 1962.
Certiorari Denied April 19, 1962.
Cobb & Brewer by Arthur Cobb, Baton Rouge, for appellant.
Taylor, Porter, Brooks, Fuller & Phillips, by Frank M. Coates, Jr., Baton Rouge, for appellee.
Before LOTTINGER, LANDRY and REID, JJ.
LANDRY, Judge.
Plaintiff herein, Ernest Glover, has taken this appeal from the judgment of the lower court dismissing his action against his employer Schuylkill Products Company, Inc., defendant in these proceedings, for workmen's compensation benefits upon said defendant's plea of prematurity.
The sole issue in this lawsuit is whether an injured employee who has instituted suit for workmen's compensation benefits and who has admittedly been paid all compensation previously due and is currently receiving maximum compensation claimed, may nevertheless recover penalties for his employer's alleged failure to timely pay weekly installments in the correct amount.
The undisputed facts show that on June 21, 1960, while acting within the scope and *16 during the course of his employment by defendant, plaintiff suffered an accident resulting in the loss of a leg. On July 5, 1960 (fourteen days thereafter), without prior demand upon defendant, suit was instituted in plaintiff's behalf praying for compensation at the maximum rate for a period of 400 weeks. Within a few days of the filing of plaintiff's suit, defendant commenced payment of compensation benefits in the sum of $27.46 weekly. Since plaintiff's accident defendant has paid on plaintiff's behalf maximum medical benefits in the sum of $2500.00. On October 10, 1960, defendant filed an exception of prematurity following which development defendant received from plaintiff's counsel a letter dated October 24, 1960, acquiescing in an indefinite continuance of the suit for the reason learned counsel for plaintiff considered defendant's exception of prematurity to be well founded. Defendant continued payment of weekly benefits of $27.46 without objection or complaint from either plaintiff or his counsel. However, on January 16, 1961, again without prior notice or demand, plaintiff filed a supplemental and amended petition alleging "that defendant arbitrarily and without cause has refused to pay petitioner the full amount of compensation due and that petitioner desires and is entitled to the penalties provided by law." After the filing of plaintiff's amended petition defendant's exception of prematurity was set for trial on February 20, 1961. Of some significance is the fact that whereas plaintiff's supplemental and amended petition sought penalties for defendant's alleged failure to pay full compensation due, it is to be noted the complaint does not allege the amount plaintiff claims as full compensation.
Meanwhile, in a telephone conversation between counsel for plaintiff and defendant which transpired February 19, 1961, counsel for plaintiff for the first time informed defendant's counsel that plaintiff's compensation rate had been erroneously computed on the basis of a five-day week instead of a six-day week. Defendant's exception of prematurity originally set for hearing February 20, 1961, was then reassigned for hearing one week later on February 27, 1961. In the interim, by letter dated February 20, 1961, counsel for defendant instructed defendant to increase plaintiff's weekly payments from $27.46 to $32.76 and also pay plaintiff the differential on all previously accrued compensation with interest. In compliance with the instruction of its attorney, on February 21, 1961, defendant sent plaintiff a check in the sum of $181.67 in payment of all arrearage with interest thereon at the rate of five per cent.
In sustaining defendant's exception of prematurity our esteemed brother below found that defendant's failure to pay full compensation due was neither arbitrary, capricious nor without probable cause because plaintiff did not make demand for increased compensation until the telephone conversation between counsel for plaintiff and defendant on February 19, 1961, consequently defendant could not be deemed to have refused payment of full compensation. The learned trial court further concluded that since penalties were not recoverable under the circumstances and plaintiff was then admittedly receiving full compensation, plaintiff was therefore receiving everything to which he was entitled under the workmen's compensation laws and his suit was premature.
Plaintiff's claim is based on the contention that the law of this state is now settled to the effect that an employee's rate of compensation must be computed on a six-day week instead of a five-day week and the employer being charged with presumptive knowledge of said fact is legally obligated to correctly determine compensation payable or incur penalties for failure to do so. More specifically learned counsel for plaintiff contends that irrespective of the absence of prior demand herein, defendant may be held to have refused payment of proper compensation not only because of defendant's initial payment of an inadequate amount but also because defendant did not immediately increase the rate thereof upon *17 filing of plaintiff's amended and supplemental petition charging defendant with failure to pay plaintiff the entire amount due.
Resolution of the issue of whether a five or six-day week should be utilized in computing plaintiff's compensation rate is not necessary to a decision herein in view of the fact that plaintiff admittedly has been paid all compensation due him to date and is presently receiving benefits in the maximum amount to which he is entitled.
Statutory penalties for failure or refusal to pay compensation due are provided for by LSA-R.S. 22:658 (with respect to the insurer) and LSA-R.S. 23:1201.2 (in the case of an uninsured employer). Both statutes in effect provide for penalties in the event of failure to pay compensation within 60 days after proof of loss and demand or notice of loss. In construing the applicable statutes the courts of this state have held that absence of proof of loss or demand may not be asserted in bar of an attempt to collect such penalties where the employer has actual knowledge of the accident or injury or has recognized the employee's right to compensation by commencement of payments. Daigle v. Great American Indemnity Co., La.App., 70 So.2d 697. It would therefore appear that mere failure of the employer or insurer to pay the proper amount of compensation due may subject him to liability for statutory penalties notwithstanding the employee's failure to demand payment of the correct amount due. It is only fair to point out, however, that a contrary result was reached by the Supreme Court in Carrington v. Consolidated Underwriters, 230 La. 939, 89 So.2d 399, in which it was held that where the employee did not demand the increase due or complain of the manner in which his compensation rate was computed, payment on the basis of a five-day, rather than a six-day work week was not arbitrary, capricious or without probable cause.
Any discussion of the issue of the five or six-day week in the case at bar would seem to be purely academic for the self-evident reason there can be no determination of the issue of statutory penalties until such time as the question of the employer's liability and the full measure of compensation due may be properly adjudicated between the parties. It should be clear, even to the uninitiated, that the foregoing issues may be judicially resolved only in the event it is concluded plaintiff's action is not prematurely brought. If plaintiff's suit is, in legal contemplation, premature and defendant continues payment of the full measure of compensation plaintiff acknowledges to be due and owing, any decision on the issue of penalties allegedly due must be deferred until such time as payments cease. Any other conclusion would, in the judgment of this court, sanction piecemeal settlement of the issues involved in litigation of this character thereby encouraging and abetting a multiplicity of actionsa result which the courts zealously seek to avoid.
Therefore, the fundamental question before the court is not whether penalties are presently due plaintiff herein but whether plaintiff's action for compensation benefits has been prematurely brought. In this regard we note that LSA-R.S. 23:1314 provides, inter alia:
"Unless * * * it is alleged * * * that the employee or the dependents is not being or has not been paid, and that the employer has refused to pay, the maximum percent of wages to which petitioner is entitled * * *, the presentation or filing of such petition shall be premature and shall be dismissed; when such allegations are contained in such petition and are denied by the employer at the time fixed thereunder by the court, if it be shown that such allegations are without reasonable cause or foundation in fact, such petition shall be dismissed; and the question of whether or not such allegations of nonpayment * * * is justified under the facts shall be determined by the court before proceeding with the hearing of the other issues involved. *18 (Emphasis supplied by the court.)
We take this opportunity to review what we consider the principal decisions which have previously dealt with the issue of prematurity of a suit of this nature.
In Davis v. W. Horace Williams Co., La. App., 6 So.2d 168, it was held that where there is demand for payment and compensation is not forthcoming within a reasonable time the suit will not be dismissed on an exception of prematurity. In the Davis case it was held that an action brought 10 days after demand was not prematurely instituted. An action brought three months following demand upon the employer was held immune from attack on the ground of prematurity in Clark v. Forest Lumber Co., 9 La.App. 639, 120 So. 88. However, it has also been held that where compensation payments are being made and kept current even a suit for declaratory judgment will be dismissed as premature, despite the employer's refusal to concede permanent disability. Gary v. Marquette Cas. Co., La. App., 72 So.2d 619.
The Supreme Court of this state has squarely held that the statute providing for dismissal of a workmen's compensation action for prematurity does not require that the employee shall first make demand, formal or otherwise, upon his employer. D'Antoni v. Employers' Liability Assur. Corporation, Ltd., 213 La. 67, 34 So.2d 378. Failure to pay compensation due, Duke v. Remington Rand, Inc., La.App., 111 So.2d 157, as well as an indication that the employer does not concede liability after notice of injury, Hammett v. Cities Service Refining Corporation, 216 La. 245, 43 So. 2d 596, has been determined to constitute refusal to pay compensation.
However, it is also established jurisprudence that a claimant is not entitled to institute suit unless he was not being paid compensation as required by the statute and unless there was an unreasonable delay on the part of the employer in either making payments or resuming payments temporarily suspended during negotiations, or unless the employer has declined to pay benefits or denied liability. Fontenot v. Cox, La.App., 68 So.2d 656.
In Graham v. Young et al., La.App., 43 So.2d 297 (a case quite similar to the case at bar) the claimant was paid compensation for six months on the basis of a weekly wage of $25.00 and then increased to a figure based upon plaintiff's correct weekly wage of $27.50. Additionally, the employee was paid the sum of $104.00 representing the difference due on previously matured weekly installments and compensation continued at the higher rate. Under such circumstances the court therein refused to permit the case to go to trial on the merits for the purpose of determining the duration of disability and maintained defendant's exception of prematurity.
It is of the utmost significance that in the instant case the employer has not denied liability but rather, on the contrary, frankly concedes its obligation to pay compensation benefits to plaintiff herein and has never declined or refused to pay benefits due plaintiff.
While it is true that defendant did not commence payment of benefits until institution of suit herein we do not consider that failure to commence payments within two weeks of injury ipso facto constitutes unreasonable delay thereby barring defendant's right to plead prematurity of plaintiff's action especially when there has been no prior demand for payment. Again we do not wish to be understood as holding that demand upon the employer is necessary to avoid the effects of a plea of prematurity since, as previously shown herein, such is not the law of this state, nevertheless demand or the absence thereof is one of the factors to be considered by the court in any given case wherein it must be determined whether or not the employer has unreasonably delayed commencement of benefit payments.
*19 It is most significant in the present case that immediately upon filing of plaintiff's suit defendant began payment of weekly benefits which were accepted by plaintiff without objection or complaint. When the error in computation was discovered a check for the accumulated arrearage with interest thereon at five per cent per annum was tendered to and accepted by plaintiff. Plaintiff acknowledges that all accrued compensation has been paid and he is currently receiving benefits in the proper amount. Under the circumstances existing herein plaintiff could receive no increase in benefits as a result of a trial on the merits. Neither could the duration of his disability be judicially determined considering defendant's admission of his present disability. It follows, therefore, that there is no dispute between the parties of which the court could take cognizance at this time.
That plaintiff may ultimately be decreed entitled to penalties is insufficient reason to compel trial on the merits at this juncture. In point is Saia v. T. Smith & Sons, Inc., La.App., 100 So.2d 544, wherein it was held that failure of the employer to furnish copies of medical reports as required by law did not, in spite of the provisions of LSA-R.S. 23:1314, defeat an exception of prematurity when suit was premature insofar as determination of compensation benefits was concerned.
Both Moore v. Pullig, La.App., 123 So.2d 826 and Fontenot v. Travelers Insurance Company, La.App., 125 So.2d 664, cited and relied upon by plaintiff are clearly distinguishable from the case at bar. In the Moore case, supra, plaintiff being dissatisfied with weekly benefits at the rate of $26.00 sued for compensation at the maximum rate of $35.00 and approximately two and one-half months subsequent to the filing of suit the employer discontinued payments. In the Fontenot suit compensation payments were made for a time following plaintiff's injury and then interrupted for a period of several months thereby precipitating plaintiff's action. In the present suit all plaintiff's demands for compensation have been met and defendant is currently paying the exact amount plaintiff claims.
From the foregoing it follows that defendant's alleged liability for penalties predicated upon its delay of two weeks in commencing payment of benefits and its initial payment of insufficient compensation are matters which cannot be adjudicated at this time.
Judgment affirmed.