CULPEPPER, Judge.
This is a workmen’s compensation suit. Defendant’s plea of prematurity was sustained and the case dismissed. Plaintiff appeals.
For purposes of the plea of prematurity, the facts are that plaintiff accidentally injured his back on May 1, 1964 while working as a delivery man for Molbert Bros. Poultry & Egg Company in Lake Charles, Louisiana. The “Employer’s First Report of Injury”, dated May 7, 1964, was mailed to defendant’s claim department in New Orleans. This report showed that plaintiff’s wages were $1.25 an hour, that he worked 8 hours per day, 5 days a week and had average weekly earnings of $50. On the basis of this report the insurer began the payment of compensation at the rate of $32.50 per week, this sum being 65% of the average weekly wage of $50 shown on the report.
On May 29, 1964 plaintiff’s attorneys wrote a letter addressed to “American Mutual Liability Insurance Company, Hibernia National Bank Building, New Orleans, Louisiana”. This is an incorrect address. The insurer’s office is at 1422 South Jefferson-Davis Parkway, New Orleans 25, Louisiana. The letter called attention to the fact that an improper rate of compensation was being paid and made demand for $35 per week plus any deficiency from the date of the accident. Defendant insurer did not receive the letter, but the employer did receive a copy.
On June 18, 1964, and again on June 24, 1964, Mr. Bill Lindsey, claims manager for the insurer, had conferences in Lake Charles with plaintiff’s attorney regarding certain medical reports but no mention was made on those occasions of the incorrect compensation rate.
On July 10, 1964 plaintiff filed the instant suit, alleging that the insurer had refused to pay the correct compensation rate and had also refused to furnish medical treatment.
On September 9, 1964 the defendant insurer increased the weekly compensation payments to $35 and paid a differential of $48 to bring the compensation up-to-date at the correct rate. This sum was accepted by plaintiff with a reservation of any rights he had.
Also on September 9, 1964 the defendant insurer filed its plea of prematurity, alleging that it commenced payments at the rate of $32.50 per week based on the employer’s report that plaintiff’s average weekly wage was $50; that these payments were accepted by plaintiff without any notice to defendant of incorrectness until this suit was filed; that defendant then increased the payments to $35 per week and paid the deficiency; that defendant had never refused any medical treatment.
A considerable portion of the evidence taken at the trial of the plea of prematurity concerned the alleged refusal of medical treatment However, in his appellate brief plaintiff does not re-urge this argument and we assume that it has been abandoned. In any event, the record amply supports the trial judge’s conclusion that no medical treatment was refused.
*778 In a well considered written opinion our brother below quoted the applicable statute, LSAhR'.S. 23:1314, and correctly disposed of the compensation rate issue as follows:
"It is significant that in this case the insurance carrier has not denied liability but rather, on the contrary, it has paid compensation from the time of accident to date of trial. 'It has never refused to make benefit payments to the plaintiff. It is true that it became necessary to adjust the payments upward and the differential paid, but under the circumstances involved here it cannot be said that the actions of the defendant were such that a suit would be justified. The delay in this adjustment was not unreasonable. All accrued payments have been paid and the plaintiff is currently receiving benefits in the proper amount. See Glover v. Schuylkill Products Company, La.App., 138 So.2d 15.”
In this court, plaintiff’s principal argument seems to be that the employer’s first report to defendant insurer, made within a few days after the accident, stated that plaintiff worked 8 hours a day, S days per week, at $1.25 per hour, with a daily wage of $10 and an average weekly earnings of $50. Plaintiff cites the well established jurisprudence that the compensation rate is not based on a 5-day week, but instead on a 6-day week. Carrington v. Consolidated Underwriters, 230 La. 939, 89 So.2d 399. He argues the insurer should have noticed that the employer’s report was erroneously computed on the basis of a 5-day week; that defendant should have caught and corrected this error; that the insurer’s failure to do so was unreasonable and in effect constituted a refusal to pay the correct compensation rate.
We cannot agree with this contention. In this type of situation we think the courts should apply the same general test that has been used in cases involving the resumption of compensation after a prior stoppage thereof. A statement of this rule is found in Malone, Workmen’s Compensation Law & Practice, 1951 Ed., page 490 as follows :
“It, therefore, appears that reasonableness of • action' in ceasing payment, promptness of resumption of payments, and the manifestation of a desire to cooperate should determine whether or not a prior default followed by a resumption of payment, including arrears, should entitle the employer to maintain his plea of prematurity.”
As will be noted from our opinion in Boss v. Marquette Casualty Company (3rd Cir. 1963) 150 So.2d 67, this rule of reasonableness, etc. has been applied in several cases. See Dawson v. Barber Bros. Contracting Co. (1st Cir.App.1940) 195 So. 46; Fontenot v. Cox (1st Cir.App.1953) 68 So.2d 656; Davis v. W. Horace Williams Co. (1st Cir.App.1942) 6 So.2d 168. A case very similar to the present is Graham v. Young, 43 So.2d 297 (2nd Cir. 1949) where an incorrect compensation rate was paid for several months but, on learning of the error, defendant properly paid the difference. The court held that defendant acted reasonably and in good faith and sustained a plea of prematurity.
Applying the rationale of these cases to the facts of the present matter, we do not think it was unreasonable for the defendant insurer to fail to notice that the employer’s report had erroneously used a 5-day week, where the average weekly wage was shown by this report to be $50. Furthermore, the-facts show that when defendant learned of the error, it corrected the rate and made- up the deficiency and that it has throughout manifested a desire to cooperate.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.