SWIFT, Judge.
In this workmen’s compensation case Palmer-Jones Timber Company, Inc. (Palmer-Jones) and its insurer, Silvey Companies (Silvey), defendants, appeal a judgment of the trial court which impliedly overruled their exception of prematurity and awarded benefits to the plaintiff, S. J. Patton, Sr.
The facts, for the most part, are undisputed. On May 9, 1978, during the course and scope of his employment with Palmer-Jones, the plaintiff was operating a tractor when a tree limb was thrown in some manner by the wheels of the tractor and punctured his abdomen. Surgery was performed on the day of the accident.
The defendant insurer received a report of the injury on May 10, 1978, and paid weekly compensation benefits without un *538 due delay in the maximum amount of $130.00 for the period from May 9 through November 28,1978. The medical and hospital bills were paid as they were submitted and plaintiff was reimbursed for travel when the insurer was notified he had been to see his doctors.
Dr. Poimboeuf, the attending physician, saw Mr. Patton five times between June 27 and September 5, 1978, after which he sent short reports to the defendants on plaintiff’s progress. On September 5 Dr. Poim-boeuf referred Patton to Dr. V. M. John, who had performed the surgery, for a possible release to return to work. When Silvey learned of this it wrote to Dr. John and inquired as to when plaintiff would be able to resume his employment. By letter of October 18, 1978, Dr. John replied as follows:
“To whom it may concern: Jack Patton will be able to return to regular work on November 80, 1978. Thank you. From Dr. John’s Office.”
The plaintiff’s workmen’s compensation benefits were terminated in reliance on this report from Dr. John. However, no benefit was paid for November 29.
Mr. Patton returned to Dr. John’s office on November 30 complaining of abdominal pain. Dr. John then recommended three additional months of disability. He wrote the plaintiff’s attorney to this effect on December 14 and sent a similar letter to the defendants’ attorney on January 8,1979. It was not established that the defendants received any other notice of this change in Dr. John’s opinion or that any demand was made for the resumption of compensation payments prior to the institution of suit. Silvey’s adjuster testified that he would have resumed payment of compensation immediately on receipt of Dr. John’s latest report reflecting extended disability. That this was actually done, certainly supports his declared intention and indicates a desire on the part of the insurer to cooperate.
Suit was filed on December 8, 1978, and the trial was set for January 10, 1979. On that morning the defendants tendered workmen’s compensation benefits from November 28,1978, up to date, their previously filed exception of prematurity was referred to the merits and the court proceeded with trial of the case. Thereafter the trial judge concluded that plaintiff was totally and permanently disabled, the defendants were arbitrary and capricious in terminating compensation benefits as of November 28, 1978, and therefore plaintiff was entitled to the maximum benefits, statutory penalties and an attorney fee of $500.00. Later the court reopened the case and raised the attorney fee to $3000.00. The defendants have appealed from this adverse judgment and the plaintiff has answered, requesting an additional $2000.00 for his attorney’s services on the appeal. We reverse.
Defendants’ principal complaint is that the trial court erred in impliedly overruling their exception of prematurity.
The essential requirements in this regard to support a suit for workmen’s compensation benefits appear in LSA-R.S. 23:1314 as follows:
“Unless in the verified petition above referred to it is alleged (where the petition is filed by the employee or his dependents) that the employee or the dependents is not being or has not been paid, and that the employer has refused to pay, the maximum percent of wages to which petitioner is entitled under the provisions of this Chapter, . . . the presentation or filing of such petition shall be premature and shall be dismissed; when such allegations are contained in such petition and are denied by the employer at the time fixed thereunder by the court, if it be shown that such allegations are without reasonable cause or foundation in fact, such petition shall be dismissed; and the question of whether or not such allegations of nonpayment or of failure to render medical attention or failure to furnish medical reports is justified under the facts shall be determined by the court before proceeding with the hearing of the other issues involved.” (Emphasis added.)
Plaintiff argues that this provision does not apply in a case where defendants *539 had notice of the injury and benefits were paid, but later terminated. We disagree.
In Jack v. Fidelity & Casualty Company of New York, 306 So.2d 806 (La.App. 3 Cir. 1975), this court was concerned with circumstances strikingly similar to those in this case. Concluding that the exception of prematurity should have been sustained, it said:
“In cases involving the termination and the later resumption of payment of compensation benefits, the decisive factors in determining whether the employer can maintain his exception of prematurity are the reasonableness of his action in ceasing to make payments, his promptness in resuming them, and the manifestation of a desire to cooperate in making the payments which are legally due the claimant. See Vidrine v. Argonaut-Southwest Insurance Company, supra [166 So.2d 287 (La.App.)]; Hadwin v. American Mutual Liability Insurance Company, 171 So.2d 776 (La.App. 3 Cir. 1965); Malone, Louisiana Workmen’s Compensation Law and Practice, 1951, Sec. 383, p. 490.”
The plaintiff further contends that the employer’s actions were unreasonable as the employer ceased weekly payments without sufficient justification. In the Jack case the employer discontinued benefits upon receiving reports from plaintiff’s doctors that the plaintiff could return to work. The defendant had no information which would tend to contradict those reports and it was concluded that defendant was justified in terminating the payment of benefits upon receipt thereof. Plaintiff argues, however, that in this suit it was defendants’ duty to ascertain whether, in fact, he did return to work on that date as Dr. John’s letter was of an “expected future condition.” Although written five weeks before the date Mr. Patton was to return to work, the language of Dr. John’s letter, that he would be able to do so, was clear and unequivocal. It is the opinion of this court that the defendants acted reasonably on the basis of this information.
Actually, through some error the benefits were terminated one day early (following November 28 rather than 29,1978). But we do not consider this to be of any significance. In Hadwin, supra, this court concluded that the suit was premature where compensation was paid at an incorrect rate for several months, but on learning of the error the defendant promptly paid the difference. That defendant’s failure to notice the error was found reasonable when it corrected the rate and brought up the deficiency promptly after becoming aware thereof, particularly in view of the insurer’s desire to cooperate.
Plaintiff also contends the defendants were unreasonable in waiting one month after the filing of suit to resume compensation payments. In Jack the defendant did not receive the doctor’s report of additional disability for six weeks after the suit was filed. Compensation payments were resumed three days later. Here, as in Jack, once the defendants received the doctor’s report of January 8, all past due payments were made promptly. The court in that case concluded, as we do here, that such action was not a “refusal”[1] to pay the benefits due plaintiff.
We conclude that the actions of the defendants in regard to the termination and resumption of payment of workmen’s compensation benefits were reasonable and this suit is premature.
For the above and foregoing reasons, the judgment of the district court is reversed and judgment is rendered herein in favor of defendants, Palmer-Jones Timber Company, Inc., and Silvey Companies, against plaintiff, S. J. Patton, sustaining the exception of prematurity filed by defendants and dismissing this suit as of non-suit. Plaintiff’s request for an additional attorney fee is denied. All costs of the suit, including this appeal, are assessed to plaintiff-appellee.
REVERSED AND RENDERED.

. LSA-R.S. 23:1314.