WATSON, Justice.
In this workman’s compensation case the issue is whether plaintiff’s suit is premature.
Plaintiff, Bobbie J. Bell, had his left leg amputated on February 13, 1980, while working in a sawmill. Defendant is the sawmill’s compensation insurer, Georgia Casualty and Surety Company. Plaintiff was paid benefits of $83.33 a week, but defendant now admits that the correct amount was $133.33 per week. Plaintiff’s attorney demanded an increase by a letter dated July 8, 1980. An insurance adjuster acknowledged receipt of the attorney’s “letter of representation” (Tr. 118) by a note dated August 14. Plaintiff’s suit had been drawn up on August 14 and filed August 19. Defendant filed an exception of prematurity, which was sustained by the trial court.
At the hearing, Harvey Thaxton of Thax-ton and Son Sawmill testified that Bell was *1214 injured during his second week of work and had been paid $125 for the first week. His hourly wage was $5.00 and he was employed for twenty-five hours per week.
Zonie A. Harris, the adjuster, said he had determined that Bell was entitled to 662/s% of his weekly wage of $125. Harris followed up his note the following week, but was advised that suit had already been filed. Harris said there was no intention to deprive Bell of what he was entitled to receive, but he did not have authority to make a change without advice from his attorney, who was in Colorado. The attorney is a partner in a firm.
The trial court held that the insurance company acted in good faith and that the adjuster was not unreasonable in waiting to consult with counsel. The Court of Appeal affirmed holding that the suit was premature under LSA-R.S. 23:1314.[1] Bell v. Georgia Casualty and Surety Co., 399 So.2d 768 (La.App. 3 Cir. 1981). A writ was granted to review the judgment. 401 So.2d 991 (La., 1981).
The letter of plaintiff’s lawyer correctly advised the insurance company that Bell’s compensation should be computed on the basis of a forty hour week under LSA-R.S. 23:1021. That statute provides in section (7)(a) [2] that, when an employee is paid on an hourly basis, the base for calculating compensation benefits is “. .. his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of injury or forty hours, whichever is greater”. The language is clear and unequivocal. Any attorney in the firm of defendant’s counsel could have advised Harris about the correct amount.[3] The error should have been immediately rectified when it was brought to defendant’s attention. A delay of over a month was unreasonable. Compare Davis v. W. Horace Williams Co., 6 So.2d 168 (La.App. 1 Cir. 1942). Suit is not premature when an employer has refused to pay the maximum percent of wages to which a claimant is entitled. LSA-R.S. 23:1314. An implied refusal meets the requirements of the statute. Clark v. Forest Lumber Co., 9 La.App. 639, 120 So. 88 (1928). Failure to promptly respond to a reasoned request for the correct amount of benefits is tantamount to a refusal. Plaintiff’s suit is not premature.
For the foregoing reasons, the judgment is reversed and the matter is remanded for trial on the merits.
REVERSED AND REMANDED.
BLANCHE, J., dissents being of the opinion that the opinion of the Court of Appeal is correct.

.LSA-R.S. 23:1314 provides:
“Unless in the verified petition above referred to it is alleged (where the petition is filed by the employee or his dependents) that the employee or the dependents is not being or has not been paid, and that the employer has refused to pay, the maximum percent of wages to which petitioner is entitled under the provisions of this Chapter, or that the employee has not been furnished the proper medical attention, or that the employee has not been furnished with copies of the reports of examination or examinations made by employer’s medical practitioners after written request therefor has been made under the provisions of this Chapter, the presentation or filing of such petition shall be premature and shall be dismissed; when such allegations are contained in such petition and are denied by the employer at the time fixed thereunder by the court, if it be shown that such allegations are without reasonable cause or foundation in fact, such petition shall be dismissed; and the question of whether or not such allegations of nonpayment or of failure to render medical attention or failure to furnish medical reports is justified under the facts shall be determined by the court before proceeding with the hearing of the other issues involved.”

. LSA-R.S. 23:1021(7)(a) provides:
“(7) ‘Wages’ means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows: (a) If the employee is paid on an hourly basis, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the injury or forty hours, whichever is greater; ...”

. At the hearing, defendant was represented by another member of the firm.